# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARGARET DYER, | * |
| Claimant, | * |
| v. | * Civil Case No. RDB-13-432 |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATIONS

Margaret Dyer has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $3587.50. (ECF No. 19). Because Ms. Dyer did not consent to a magistrate judge for all proceedings, her request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner stipulated and agreed to the amount requested in Ms. Dyer's petition. (ECF No. 20). However, because a Report and Recommendations is just that, a recommendation subject to the District Court's review, I have comprehensively reviewed all of the supporting documents underlying Ms. Dyer's fee request herein. For the reasons set forth below, I recommend Ms. Dyer's Petition for Attorney's Fees be GRANTED in part and DENIED in part.

### I. BACKGROUND

Ms. Dyer filed an application for Disability Insurance Benefits and Supplemental Security Income on December 3, 2009. (ECF No. 10 at Tr. 155-65). She was represented

throughout the agency proceedings by Vincent Piazza, Esq. Subsequent to a denial of benefits through the administrative appeals process, on February 8, 2013, Ms. Dyer petitioned this Court to review the Social Security Administration's decision to deny her claim. (ECF No. 1). After Ms. Dyer filed a motion for summary judgment, (ECF No. 13), the Commissioner submitted a consent motion to remand her claim to the agency under Sentence Four of 42 U.S.C. § 405(g), (ECF No. 16). This Court granted the consent remand on August 12, 2013. (ECF No. 18).

On August 29, 2013, Ms. Dyer timely filed the instant motion for attorney's fees for Mr. Piazza under the EAJA and 42 U.S.C. § 406(b).[1] (ECF No. 19). Mr. Piazza seeks $3,587.50 for 28.7 hours of work at the EAJA rate of $125 per hour. *Id.*

## II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id*.

Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting

---

[1] Consideration of fees pursuant to § 406(b) will be deferred because such fees are only appropriate where there is an actual award of benefits. If the SSA allows Ms. Dyer's claim upon remand, counsel should renew the request for fees under § 406(b) within thirty days from the date of the Plaintiff's Notice of Award.

the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Mr. Piazza is a highly experienced claimants' attorney, and has filed more than 150 Social Security appeals in this Court since it adopted electronic filing. Mr. Piazza's accounting of hours billed for work before this Court in Ms. Dyer's case totals 28.7 hours. Despite the fact that several of the listed items are ministerial tasks, there is no indication that any of the services were performed by administrative staff, secretaries, or legal assistants instead of counsel. While it is not entirely clear from the record submitted, it appears that Mr. Piazza personally performed all of the work. However, "'[t]asks of a clerical nature are not compensable as attorney's fees'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").[2] Therefore, I recommend the .9 hours claimed by Mr. Piazza for preparing and releasing the

---

[2] Clerical tasks should also not be billed under 42 U.S.C. § 406(b) or § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non-compensable under 42 U.S.C. § 406(b)).

service of summons and complaint to the Attorney General, General Counsel, and U.S. Attorney and the .8 hours for receiving and filing the summons returned by the U.S. Attorney, Department of Justice, and the SSA Office of the General Counsel by certified mail and personal service (apparently effected by Mr. Piazza himself) be disallowed.[3] Further, Mr. Piazza billed from .2 to .3 hours per entry for "receiving and reviewing" a number of one-page form letters or orders. It should not take an experienced attorney twelve to eighteen minutes to review such documents, especially where, as here, they are filed in nearly all of the numerous Social Security cases Mr. Piazza handles. A reasonable time to complete those tasks is .1 hour at most, and I recommend the time allowed for each of those entries be reduced accordingly.[4] Moreover, Mr. Piazza billed .3 hours to "receive and review" a two-line paperless order entered on the docket, and I recommend that item should also be reduced to .1 hour. Finally, I recommend reducing the billed time from .3 hour to .1 hour for electronically filing the motion for summary judgment, a simple task that Mr. Piazza's firm has undertaken at least dozens, if not hundreds, of times.

Mr. Piazza also billed 16.1 hours for drafting the Motion for Summary Judgment from "5/25/13-5/31/13." Although the total hours for drafting the motion appear plausible, billing for

---

[3] Another time entry of 1.8 hours reads, "Prepared and filed Complaint, Summons, and Motion to Proceed in Forma Pauperis, and Consent to Magistrate[.]" Other claimants' counsel classify the preparation of those documents as clerical or ministerial because they are form documents filed in every Social Security appeal with little substantive content. I am not prepared to determine, however, that these tasks could not constitute legal work. Further, I note that the time entry includes preparation of a "Consent to Magistrate[,]" which Mr. Piazza did not file in this case, calling into question the overall accuracy of the entry. Regardless, I recommend allowing the 1.8 hours claimed, in light of the Commissioner's consent and the other reductions contained herein.

[4] Those items are as follows: "Received and reviewed Order granting Motion for Leave to Proceed in Forma Pauperis . . . ," "Received and reviewed Notice that Summons Issued . . . to Michael Astrue . . . and U.S. Attorney[,]" "Received Defendant's Consent to Magistrate and Notice of Appearance . . . ," "Received and reviewed Order setting deadline for claimant to file [] Motion . . . ," and "Received and reviewed Defendant's Consent Motion to Remand and Notice to Substitute Attorney."

4

a single task over a span of several days prevents me from assessing the reasonableness of the hours requested. Billing records submitted to the Court should include discrete entries for each date, specifying the amount of time spent on each task.

"Where the documentation of hours is inadequate, [a] court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). Because of the imprecise tracking of hours and tasks throughout the itemized statement of fees, including billing for the largest single time entry over a span of six days, I recommend reducing the total hours allowed by ten percent.[5] S*ee Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry).

Overall, the recommended adjustments will reduce the total hours billed from 28.7 hours to 23.1. Thus, I recommend that Mr. Piazza be awarded $2,887.50, instead of the requested $3,587.50, under the EAJA. An award of $2,887.50 puts this case within the heartland of recent attorney fees awarded by this Court for successful Social Security appeals in the same procedural posture. *See McPherson v. Colvin*, No. SAG-13-1149 (awarding $2,630.00 on Feb. 27, 2014); *Carr v. Colvin*, No. SAG-13-1637 (awarding $2,642.50 on Feb. 25, 2014); *Jackson v. Colvin*, No. SAG-12-3178 (awarding $1,863.06 on Feb. 19, 2014); *Desombre v. Colvin*, No. SAG-12-

---

[5] The percentage reduction should apply after accounting for the specific hourly reductions discussed above.

2246 (awarding $2,533.60 on Feb. 19, 2014); *Aponte v. Colvin*, No. SAG-11-2446 (awarding $2,245.69 on Feb. 19, 2014); *Powers-French v. Colvin*, No. SAG-12-3785 (awarding $2,049.57 on Feb. 19, 2014); *McCarraher v. Colvin*, No. SAG-12-1902 (awarding $2,275.00 on Feb. 19, 2014); *Mitchell v. Colvin*, No. SAG-12-2871 (awarding $2,254.40 on Feb. 14, 2014); *Bradshaw v. Colvin*, No. SAG-12-929 (awarding $2,160.84 on Feb. 7, 2014); *Portillo v. Colvin*, No. SAG 11-2978 (awarding $1,987.89 on Feb. 7, 2014); *Dudley v. Colvin*, No. SAG-11-791 (awarding $1,928.42 on Feb. 7, 2014).

### III. CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Ms. Dyer's Petition for Attorney's Fees. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

Dated: March 25, 2014  /s/
Stephanie A. Gallagher
United States Magistrate Judge